UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRET KELLER,

Petitioner,

v.

ISIDRO BACA, *et al.,*

Respondents.

Case No. 3:15-cv-00563-MMD-VPC

ORDER

This *pro se* petition for a writ of habeas corpus comes before the Court on the respondents' motion to dismiss (ECF No. 14). Petitioner has opposed (ECF No. 31), and respondents have replied (ECF No. 35). In addition, petitioner has moved for an extension of time to file a response to the respondents' reply (ECF No. 37). Finally, petitioner has moved the Court for appointment of counsel (ECF No. 38).

I.     **BACKGROUND**

In this action, petitioner challenges his conviction pursuant to a guilty plea of attempted murder. (ECF No. 7; Exh. 10.[1])

On September 14, 2011, petitioner signed a waiver of preliminary examination in which he agreed to plead guilty to attempted murder. (Exh. 5.) The document provided that the parties would be free to argue for his sentence, that certain other cases against petitioner would be dismissed, that petitioner would also plead guilty to a separate charge of domestic battery, second offense, and that no other charges or enhancements would

_____

[1] The exhibits cited in this order, which comprise the state court record, are located at ECF Nos. 16-20.

be filed. (*Id.*; *see also* Exh. 8 (Tr. at 3-4).) That same date, an information was filed in the Second Judicial District Court charging petitioner with the attempted murder of Kimberly Keller and Thomas A. on or about July 13, 2011. (Exh. 6.)

On September 27, 2011, petitioner appeared at his arraignment with counsel Scott Edwards and entered a plea of guilty to the charge of attempted murder. (Exh. 8.) Sentencing was initially scheduled for November 8, 2011, but on that date Edwards appeared before the state trial court and represented that the petitioner's presentence investigation report had not yet been disclosed. (Exh. 9.) At counsel's request, sentencing was continued to November 22, 2011. (*See id.*)

On November 22, 2011, after hearing from the victim and her daughter, the court sentenced petitioner to a term of 96 to 240 months' imprisonment. (Exh. 9A.) Petitioner appealed. (Exh. 12.) On appeal, petitioner — still represented by Edwards — argued that the trial court improperly considered the victim's daughter's impact statement because during it she (1) stated that she did not believe petitioner felt remorse and (2) referenced prior uncharged acts of domestic violence. (Exh. 26.) On July 25, 2012, the Nevada Supreme Court affirmed. (Exh. 28.) In particular, the court noted that petitioner had not objected to the daughter's impact statement and thus his claims were subject to review only for plain error. (*Id.*) Remittitur on the direct appeal issued on August 21, 2012. (Exh. 29.)

On June 12, 2013, petitioner filed in state court a motion for a sixty-day extension of time to file his petition for writ of habeas corpus and a motion for withdrawal of attorney and transfer of records. (Exhs. 32 & 33.) In the motions, which were dated June 5, 2013, petitioner represented that Edwards had not provided him with his opening brief on direct appeal and asked the court to order Edwards to transfer petitioner his case file. (Exhs. 32 & 33.)

On July 15, 2013, petitioner filed a petition for writ of habeas corpus in state court. (Exh. 38.) The petition asserted one ground: Sixth Amendment ineffective assistance of counsel. Petitioner alleged counsel was ineffective based on: "(1) No time afforded for

1  investigation or preparation"; (2) "P.S.I. not received until morning of sentence"; (3) "Last
2  minute plea bargain with threat. Take it or leave it"; and (4) "Unprofessional conduct in
3  court on presentence 11/8/11 under the influence. Several witnesses." (Exh. 38.) On July
4  16, 2013, the state court granted petitioner's motion to withdraw and for the transfer of
5  his records. (Exh. 39.)

6      On September 4, 2013, petitioner filed a motion to compel Edwards to comply with
7  the court's order directing transfer of his records and a motion for sanctions regarding the
8  failure to comply. (Exhs. 41 & 42.) On January 6, 2014, petitioner filed a document with
9  the state court indicating that Edwards still had not complied with the court's order to
10  transfer petitioner's files. (Exh. 43.)

11     On January 17, 2014, the state court appointed Karla Butko to represent petitioner
12  in his postconviction proceedings. (Exh. 44.) Butko thereafter filed a supplemental habeas
13  petition asserting further ineffective assistance of counsel claims. (Exh. 45.) After the trial
14  court denied the petition, petitioner appealed. (Exhs. 52 & 55.) The Nevada Supreme
15  Court affirmed on June 19, 2015, and remittitur issued on July 13, 2015. (Exhs. 68 & 69.)

16     On or about November 16, 2015, petitioner dispatched the instant federal habeas
17  petition for filing. (*See* ECF No. 1; ECF No. 7 at 29.) On that same date, petitioner filed a
18  second state habeas petition. (Exh. 72.) The state trial court denied the second state
19  habeas petition as untimely and successive, among other procedural bars, and the
20  Nevada Court of Appeals affirmed. (Exhs. 81 & 92).

21     Respondents move to dismiss the instant federal petition on several procedural
22  grounds, including timeliness, exhaustion, and procedural default. Respondents further
23  argue that several of petitioner's claims are not cognizable in habeas.

24  **II.    ANALYSIS**

25      **A.    Timeliness**

26      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established
27  a one-year period of limitations for federal habeas petitions filed by state prisoners. The
28  one-year limitation period begins to run after the date on which the judgment challenged

became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[2] 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2). An untimely state habeas petition is not "properly filed" and thus does not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In addition, a state habeas petition cannot toll a federal limitations period that has already expired by the time the state petition is filed. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

The Nevada Supreme Court affirmed petitioner's conviction on July 25, 2012. Petitioner's judgment of conviction thus became final on October 23, 2012 — after the 90-day period to seek certiorari from the United States Supreme Court expired. Accordingly, the time period for filing a federal habeas petition began to run on October 24, 2012. On July 15, 2013, petitioner filed his state postconviction habeas petition. The time during which that petition was pending tolled the limitations period under the statute. Two hundred and sixty-five (265) days elapsed between the date petitioner's judgment became final and the filing of his state postconviction petition. The Nevada Supreme Court issued remittitur on its decision affirming the denial of the petition on July 13, 2015. Absent a basis for tolling or other delayed accrual, then, the limitations period expired 100 days after July 13, 2015, on October 21, 2015. Petitioner filed his federal petition, at the earliest, on November 16, 2015. Accordingly, unless petitioner establishes a basis for tolling or other delayed accrual, the instant petition was filed twenty-six (26) days after the expiration of the federal statute of limitations.

In his opposition, petitioner asserts that he is entitled to equitable tolling. A petitioner can establish an entitlement to equitable tolling under certain, very limited circumstances. Equitable tolling is appropriate only if the petitioner can show that: (1) he

///

---

[2]While the statute of limitations may also begin to run from other events, petitioner does not claim, and it does not appear from the record, that any of the other events is applicable in this case.

4

has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Construed liberally, petitioner's opposition asserts that he is entitled to equitable tolling because he did not have his case file when he was preparing to file his state postconviction petition.[3] (ECF No. 31 at 10-11.) While the complete lack of a case file might, under some circumstances, justify equitable tolling, *see Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), petitioner's allegation does not — standing alone — establish an entitlement to tolling. Petitioner has not established his own diligence before June 5, 2013, when he first decided to seek his file from his attorney, or "that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused" the untimely filing of his federal petition. *See Waldron-Ramsey*, 556 F.3d at 1013. However, it is a non-frivolous claim of equitable tolling and thus further factual development would be required before the Court could rule on it. In the interests of judicial economy, the Court exercises

///

---

[3]The Court notes that this argument was raised under the heading "Procedural Default" and not specifically in connection with petitioner's "equitable tolling" assertion. However, in the "Procedural Default" section, petitioner blames the "20-" or "29-day delay" in filing the federal petition on Edwards' failure to timely provide him with his file. A fair reading of the opposition, thus, is that petitioner asserts an entitlement to equitable tolling of the federal limitations period based on Edwards' failure to provide him with his case file.

its discretion to decline to decide the issue at this time. *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) (Court may properly deny petition on merits rather than reaching "the complex questions lurking in the time bar of the AEDPA."), *cert. denied*, 535 U.S. 950 (2002); *Cooper v. Calderon*, 274 F.3d 1270, 1275 n. 3 (9th Cir. 2001) (per curiam) (denying petition on merits rather than remanding to consider equitable tolling); *see also Day v. McDonough*, 547 U.S. 198, 208–209 (2006) ("In lieu of an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run . . . the State reads the statutes, Rules, and decisions in point to permit the exercise of discretion . . . to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition . . . . We agree.").

Accordingly, respondents' motion to dismiss the petition on the grounds that it is untimely will be denied without prejudice to renew in the answer. Should respondents choose to renew the timeliness argument in their answer, petitioner will — in his reply — explain and provide any available factual support demonstrating when and how he tried to obtain his file from Edwards and how the lack of his file prevented the timely filing of the instant habeas petition.

### B. Cognizable Claims

#### 1. Grounds 2, 3, and 4

Respondents argue that Grounds 2, 3, and 4 are not cognizable in federal habeas proceedings. Grounds 2, 3, and 4 include claims that postconviction counsel rendered ineffective assistance and that the state court erred in denying an evidentiary hearing on petitioner's state postconviction petition. Such claims are not cognizable in habeas proceedings. "[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim." *Martinez v. Schriro*, 623 F.3d 731, 739–40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings

shall not be a ground for relief in a proceeding arising under section 2254."); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[E]rrors in the state post-conviction review process is not addressable through habeas corpus proceedings."). Accordingly, Grounds 2, 3, and 4 are dismissed with prejudice to the extent they assert ineffective assistance of postconviction counsel or errors in state postconviction proceedings. To the extent Ground 8 asserts ineffective assistance of postconviction counsel, that claim will also be dismissed. The Court notes that Grounds 2, 3, 4, and 8 all assert claims beyond ineffective assistance of postconviction counsel or errors in postconviction proceedings, and thus the grounds are not hereby dismissed in their entirety.

### 2. Ground 9

Respondents assert that Ground 9 does not assert any factual allegations supporting any claim. The Court agrees. Ground 9 will therefore be dismissed.

### C. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

///

Respondents argue that Grounds 1 and 2 are unexhausted.[4]

**1.    Ground 1**

Ground 1 asserts that the Nevada Supreme Court deprived him of his right to conflict-free appellate counsel by ignoring that appellate counsel was also trial counsel and thus was hindered by his own self-interest in hiding his trial errors and ignoring that his counsel was incompetent due to "an alcohol-addled brain." (ECF No. 7 at 3.) Petitioner asserts that these actions were taken pursuant to a government policy of treating victims better than tortfeasors by precluding presentation of mitigating evidence. (*Id.*) Neither the allegation regarding the Nevada Supreme Court's failures nor the allegation about a government policy appears anywhere in any of petitioner's appeals to the Nevada Supreme Court. To this extent, then, Ground 1 is unexhausted.

Ground 1 may also be read to assert a claim that Edwards rendered ineffective assistance of counsel due to a conflict of interest on appeal — specifically, because Edwards was trial counsel he was motivated to hide his own mistakes when appealing petitioner's conviction. To the extent this is one of petitioner's claims, it is unexhausted. This allegation does not appear in any of petitioner's appeals to the Nevada Supreme Court.[5]

**2.    Ground 2**

Respondents also argue that Ground 2 is unexhausted. As previously discussed, Ground 2 is dismissed to the extent that it alleges postconviction counsel was ineffective and the state court erred in denying an evidentiary hearing on postconviction review. However, Ground 2 can also be read to assert claims that Edwards was ineffective for failing to: (1) prepare for sentencing; (2) provide mitigating evidence at sentencing, specifically the testimony of petitioner's family; (3) object to the victim impact statement;

---

[4]Respondents had initially argued that Grounds 3-8 were also unexhausted but effectively concede in their reply that petitioner has now exhausted those claims by way of his second state habeas petition.

[5]It is possible to read Ground 1 as also asserting that Edwards was ineffective due to substance abuse. However, as this claim appears elsewhere in the petition, including Grounds 3 and 8, the Court will not consider this claim part of Ground 1.

(4) attack the sentence as constitutionally disproportionate; and (5) argue on appeal that the plea was involuntary.[6] (ECF No. 7 at 5-6.)

The first three allegations are exhausted as they were properly presented to the Nevada Supreme Court in the appeal of petitioner's first state postconviction petition. However, the claim that Edwards failed to object to the sentence as constitutionally disproportionate is not exhausted. In the first postconviction appeal, petitioner argued that the sentence was constitutionally disproportionate but not that Edwards was ineffective for failing to make that argument. This argument further does not appear in the second postconviction habeas petition. The claim is therefore unexhausted.

In addition, the claim that Edwards failed to argue on appeal that the plea was involuntary is not exhausted. A claim must be presented in a posture that is acceptable under state procedural rules. *See Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981). Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Although the first postconviction appeal asserted Edwards was ineffective for failing to argue that the plea was involuntary, that claim had not been presented to the lower court and the Nevada Supreme Court declined to decide a claim that had been raised for the first time on appeal. (Exh. 68.) The first postconviction petition therefore did not exhaust this claim. Nor does this claim appear in petitioner's second state postconviction petition. This claim is likewise unexhausted.

### D. Procedural Default

Grounds 3 through 8, though exhausted, were dismissed by the state courts as procedurally barred. Respondents therefore move to dismiss Grounds 3 through 8 as procedurally defaulted.

---

[6]While Ground 2 also references "coercion," it lacks any further factual specificity — i.e., who coerced petitioner or how petitioner was coerced — and thus fails to state any claim. The Court notes this specifically because although petitioner did exhaust on his first postconviction appeal a claim that Edwards coerced him into entering a guilty plea by telling him to "take it or leave it," no such claim appears in the instant federal petition. Rather, petitioner's only claim of coercion appears in Ground 5, in which petitioner assert that Edwards coerced him into pleading guilty at the direction of the trial court. (ECF No. 7 at 14-15). This is not the same as a claim that Edwards coerced petitioner into pleading guilty by telling him to "take it or leave it."

A federal court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Grounds 3 through 8 were exhausted only by way of the second state habeas petition. The Nevada Court of Appeals affirmed dismissal of the second state petition as successive and untimely under NRS § 34.810 and § 34.726. (Exhs. 107 & 117). The Ninth Circuit has held that application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, NRS § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). The Nevada Court of Appeals' decision in this case did not depend on the application of federal law in deciding that the petition was procedurally barred. Accordingly, the Nevada Court of Appeals relied on independent and adequate state law grounds in affirming the dismissal of petitioner's second state habeas petition as untimely and successive. Petitioner must therefore establish cause and prejudice for the default of Grounds 3 through 8.

The Court construes petitioner's opposition as asserting two bases for cause.

First, petitioner appears to argue that he could not assert his defaulted claims in his first postconviction petition because he did not have his file. Petitioner does not assert that Edwards abandoned him or did not do something petitioner was relying on him to do. The question thus is whether the fact that petitioner did not have his case file at the time of filing his state postconviction petition is sufficient cause to excuse the default of his claims. Petitioner does not explain why he needed his file to present his defaulted claims. All of petitioner's claims appear to arise from his firsthand knowledge and there is thus no obvious reason petitioner should have needed his case file to assert those claims. Moreover, petitioner filed a supplemental petition through counsel and there is no allegation that counsel lacked petitioner's case file. Accordingly, the Court concludes that the lack of petitioner's legal file does not excuse the procedural default of Grounds 3 through 8.

Second, petitioner asserts that *Martinez v. Ryan*, 566 U.S. 1 (2012) provides cause as post-conviction counsel failed to raise many of his claims. In *Martinez*, the United States Supreme Court created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where their post-conviction counsel failed to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings. *Id.* at 16-17. The *Martinez* rule is an exception to the general rule that errors of postconviction counsel cannot provide cause for a procedural default. *Coleman*, 501 U.S. at 752-54; *Smith v. Baldwin*, 510 F.3d 1127, 1146-47 (9th Cir. 2007). *Martinez* provides an exception only for substantial claims of ineffective assistance of trial counsel. It cannot supply cause to excuse the procedural default of a substantive claim of trial court error. *See Martinez*, 566 U.S. at 16-17. And it cannot supply cause to excuse the procedural default of an ineffective assistance of appellate counsel claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

Grounds 3, 4, and 5, in part, and Grounds 6 and 7 in their entirety, assert claims of trial court error/misconduct and prosecutor misconduct. Ground 4 also asserts a claim that Edwards was ineffective on appeal. *Martinez* cannot supply cause for the default of these claims. Thus, Grounds 6 and 7, and Grounds 3, 4, and 5 to the extent they assert claims of trial court error/misconduct, prosecutor misconduct, or ineffective assistance of appellate counsel, must be dismissed as procedurally defaulted.

The remainder of Grounds 3, 4, and 5 and Ground 8 assert ineffective assistance of trial counsel claims against Edwards. Those claims include that Edwards was ineffective because he: (1) was impaired due to substance abuse; (2) operated as an agent of the state because he was an ex-schoolmate of the prosecutor; (3) used bait-and-switch tactics to get petitioner to waive the preliminary hearing in that he promised petitioner a sentence of two- to ten- years; and (4) failed to provide petitioner with all discovery. Whether postconviction counsel was ineffective for failing to raise these claims, and whether these claims are substantial, are questions that are intertwined with the ///

merits of the case. The Court therefore defers the cause and prejudice analysis with respect to these claims until the time of its merits determination.

## III. MISCELLANEOUS MOTIONS

### A. Motion for Appointment of Counsel

Petitioner has moved for appointment of counsel (ECF No. 22). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Petitioner has been fairly able to present his claims, and the petition is sufficiently clear. In addition, the legal issues are not particularly complex. Therefore, counsel is not justified.

### B. Motion for Extension of Time

Petitioner has moved for an extension of time to file a response to the respondents' reply — effectively a surreply (ECF No. 37). Sur-replies are not authorized absent leave of court, and petitioner has established no basis for the filing of a sur-reply in this case. Accordingly, the motion for an extension of time will be denied as moot.

## IV. OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because petitioner's petition is mixed, he has three options:

///

1.      File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2.      File a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or

3.      File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is cautioned that stays are available only in limited circumstances and that if he files a motion to stay and abey, he must show good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If petitioner fails to file a motion as set forth above, his petition will be dismissed without prejudice as a mixed petition.

## V.    CONCLUSION

In accordance with the foregoing, it is therefore ordered that respondents' motion to dismiss the petition (ECF No. 14) is granted in part and denied in part as follows:

1.      Grounds 2, 3, 4 and 8 are dismissed to the extent they allege ineffective assistance of postconviction counsel or other errors in the state postconviction proceedings;

2.      Ground 1 is unexhausted;

3.      Ground 2 is unexhausted to the extent it asserts that Edwards was ineffective for failing to object to the sentence as constitutionally disproportionate and for failing to argue on appeal that the plea was involuntary; Ground 2 is exhausted to the extent it asserts that Edwards was ineffective for failing to prepare for sentencing, failing to provide mitigating evidence at sentencing, specifically the testimony of petitioner's family, and failing to object to the victim impact statement;

4.      Grounds 6 and 7 in their entirety, and Grounds 3, 4, and 5 to the extent they assert ineffective assistance of appellate counsel, trial court error or misconduct, or prosecutor misconduct, are dismissed as procedurally defaulted;

5.     The Court will defer its cause and prejudice analysis as to the ineffective assistance of trial counsel claims asserted in Grounds 3, 4, 5 and 8 until the time of the merits determination.

It further is ordered that petitioner will have thirty (30) days from entry of this order within which to mail to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 38) is denied.

It is further ordered that petitioner's motion for an extension of time (ECF No. 37) is denied.

DATED THIS 13th day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE