UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRET HENRY KELLER,<br><br>                Petitioner,<br>     v.<br>ISIDRO BACA, *et al.*,<br><br>                Respondents. | Case No. 3:15-cv-00563-MMD-VPC<br><br>ORDER |

This *pro se* habeas matter comes before the Court on Petitioner's motion for stay and abeyance. (ECF No. 44.)

On February 13, 2018, the Court entered an order finding that Ground 1 and part of Ground 2 of the Petition are unexhausted. (ECF No. 41.) The Court directed Petitioner to either (1) move to dismiss the unexhausted claims; (2) dismiss the entire petition without prejudice; or (3) move for other relief, including a stay and abeyance. (*Id.*) On May 16, 2018, Petitioner filed a motion to stay and abey. (ECF Nos. 44, 45). Respondents have opposed (ECF No. 46), and Petitioner has replied (ECF No. 47).

At the outset, the Court notes that Petitioner has not objected to the Court's construction of his claims or argued that the claims found unexhausted by the Court are not in fact claims. Instead, Petitioner argues only that the Court should grant him a stay so that he may exhaust the remainder of his claims.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).

Petitioner's sole argument for cause is that none of his attorneys ever raised the issues presented in Ground 1 and part of Ground 2 in the state courts. However, Petitioner ignores the fact that he filed a *pro se* state habeas petition that exhausted many of his claims, and he does not explain why he failed to include his unexhausted claims in Ground 1 and Ground 2 in that petition. The Court therefore concludes that Petitioner has failed to establish cause. The motion to stay and abey will therefore be denied.

Petitioner argues in his reply that the Court should consider his claims subject to anticipatory procedural default because if he were to return to state court his petition would be procedurally barred. (ECF No. 47 at 2.)

///

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While Petitioner would face several procedural bars if he were to return to state court, *see, e.g.*, NRS §§ 34.726, 34.810, Nevada has cause-and-prejudice and fundamental-miscarriage-of-justice exceptions to its procedural bars that are substantially the same as the federal standards. Thus, if a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then the petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, this Court usually declines to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. However, if the petitioner makes such a concession, his claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation can arise where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law, such as is the case with *Martinez v. Ryan*, 566 U.S. 1 (2012). However, Petitioner here does not rely on *Martinez*, nor could he. *Martinez* created a rule allowing petitioners in some cases to establish cause for a procedural default where their post-conviction counsel failed to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings. 566 U.S. at 16-17. *Martinez* does not supply cause to excuse the procedural default of a substantive claim of trial court error, *see id.*, or of an ineffective assistance of appellate counsel claim, *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Petitioner's unexhausted claims are not substantial claims of ineffective assistance of trial counsel but are, instead, claims of ineffective assistance of appellate counsel or claims levied against the Nevada Supreme Court. Neither type of claim can be saved by *Martinez*. Accordingly, the Court

will not apply the doctrine of anticipatory procedural default to Petitioner's unexhausted claims in this case.

Accordingly, it is therefore ordered that Petitioner's motion to stay and abey (ECF No. 44) is hereby denied.

It is further ordered that, within thirty (30) days of the date of entry of this Order, Petitioner will file a motion either (1) dismissing the unexhausted claims or (2) dismissing the entire petition without prejudice so that he may return to state court. Failure to timely comply with this Order will result in the dismissal without prejudice of this mixed petition.

DATED THIS 12th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE